UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Bruce Arnoff, | ) | CASE NO. 5:24 CV 401 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Denise Ferguson, | ) | <u>AND ORDER</u> |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Background**

*Pro se* Plaintiff Bruce Arnoff filed this action against Defendant Denise Ferguson. While Arnoff intially claims that his Sixth Amendment rights were violated, his complaint sounds in legal malpractice. He is seeking compensatory and punitive damages from what he claims were deficiencies in the performance of his counsel, Defendant Denise Ferguson. Doc. No. 1.

With his complaint, Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is DENIED AS MOOT. For the reasons stated below, her complaint is dismissed.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Additionally, federal courts are courts of limited jurisdiction and must police the boundaries of their jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). A complaint subject to dismissal for lack of subject-matter jurisdiction when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Plaintiff's complaint must be dismissed because there is no basis for the Court to exercise diversity jurisdiction over Plaintiff's state law claim for legal malpractice. Federal jurisdiction over state law claims is established when a plaintiff presents a state-law claim between citizens of diverse citizenship satisfying an amount in controversy requirement. *See* 28 U.S.C. § 1332. Plaintiff alleges in his complaint that both he and the Defendant are residents of Ohio. As such, diversity is lacking and defeats this Court's jurisdiction.

## Conclusion

For the reasons stated above, Plaintiff's complaint is dismissed. The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: April 11, 2024  */s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE